UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RANDY M. | : |
| | : |
| v. | : C.A. No. 18-00175-JJM |
| | : |
| NANCY A. BERRYHILL, Acting | : |
| Commissioner of the Social Security | : |
| Administration | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on April 2, 2018 seeking to reverse the Decision of the Commissioner. On November 5, 2018, Plaintiff filed a Motion for Reversal of the Disability Determination of the Commissioner of Social Security. (ECF Doc. No. 10). On January 4, 2019, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF Doc. No. 13). Plaintiff filed a Reply on January 17, 2019. (ECF Doc. No. 14).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion for Reversal (ECF

Doc. No. 10) be DENIED and that the Commissioner's Motion to Affirm (ECF Doc. No. 13) be GRANTED.

## I. PROCEDURAL HISTORY

Plaintiff filed applications for DIB (Tr. 225-231) and SSI (Tr. 232-240) on October 13, 2015 alleging disability since March 15, 2006. The applications were denied initially on February 28, 2016 (Tr. 88-98, 101-112) and on reconsideration on August 5, 2016. (Tr. 114-128, 130-144). Plaintiff requested an Administrative Hearing. On April 13, 2017, a hearing was held before Administrative Law Judge Barry H. Best (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. 39-65). The ALJ issued an unfavorable decision to Plaintiff on May 31, 2017. (Tr. 17-38). The Appeals Council denied Plaintiff's request for review on February 1, 2018. (Tr. 1-6). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff argues that the ALJ failed to properly evaluate the medical-opinion evidence and erred in his assessment of his and his mother's credibility.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's decision is supported by substantial evidence and must be affirmed.

## III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621

F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings

of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id

## IV. THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of HHS, 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir.

1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of HHS, 816 F.2d 792, 794 (1st Cir. 1987).

B. **Developing the Record**

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the

record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual

functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities

available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

1. **Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about

his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4) Treatment, other than medication, for relief of pain;
>
> (5) Functional restrictions; and
>
> (6) The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V. APPLICATION AND ANALYSIS

### A. The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5. At Step 2, the ALJ found that Plaintiff's depression, anxiety and ADD were "severe" impairments. (Tr. 22). The ALJ assessed an RFC for a full range of work at all exertional levels but subject to substantial non-exertional limitations related to Plaintiff's mental impairments. (Tr. 25). At Step 4, the ALJ determined that Plaintiff had no past relevant work. (Tr. 31). Ultimately, at Step 5, the ALJ concluded that Plaintiff was not disabled because he was able to perform unskilled work available in the economy. (Tr. 32).

### B. Substantial Evidence Supports the ALJ's RFC Determination

Plaintiff challenges the ALJ's evaluation of the various treating and consulting medical opinions of record. He argues that the ALJ's RFC determination is not supported by substantial evidence and does not adequately account for Plaintiff's "off task" limitations and likely absenteeism.

In his Reply Memorandum, Plaintiff highlights his argument that the ALJ's failure to consider the treating source opinion of Dr. Debra Roberts requires reversal and remand. (ECF

Doc. No. 14 at p. 2). Plaintiff asserts that the Commissioner "reluctantly conceded" this error in her Memorandum and "tried to hide it in the middle of [her] overarching argument." Id. The Commissioner did neither, and a fair and close review of the record shows that Plaintiff's claim of reversible error is unsupported.

The "opinion" in question is dated February 13, 2009 and was included in the medical records reviewed by the state agency reviewing psychologists, Dr. Kleinman and Dr. Killenberg. (Tr. 104, 118, 350). The document is titled "medical report" and relates diagnoses of ADHD and anxiety. (Tr. 350). The form asks the physician to include "sufficient Details of History, Physical and Diagnostic Findings, Clinical Course, Therapy and Response." Id. Dr. Roberts reported seeing Plaintiff every six months between November 2006 and July 2008 and, in the section titled "History, Treatment and Response," Dr. Roberts indicated "pt cannot get along with others – ODD. Pt often gets in fights with others. He is easily distractible, forgetful." Id.

As an initial matter, it is questionable whether this is an "opinion." It is on a form entitled "medical report" which seeks information such as diagnoses, history, treatment and response. It does not solicit an opinion or seek any assessment of functional limitations. Plaintiff also fails to persuasively explain how the ALJ's RFC assessment fails to reasonably account for Dr. Roberts' comments. The ALJ significantly limited Plaintiff to uncomplicated, unskilled work with short breaks every two hours, no significant exercise of independent judgment, only occasional changes in job setting, and interaction with co-workers, supervisors and the public significantly limited in both frequency and subject matter. (Tr. 25-26). Finally, although Plaintiff's counsel brought the opinion of Ms. Crandall (Exh. 19F) to the ALJ's attention at the hearing, (Tr. 45), he did not mention Dr. Roberts' "opinion." Plaintiff's counsel

also did not raise the issue of failure to consider Dr. Roberts' "opinion" to the Appeals Council in his letter brief dated August 18, 2017. (Exh. B18E).

Plaintiff also challenges the ALJ's evaluation of the competing medical opinions of record. However, he fails to establish that the ALJ committed any reversible error in evaluating such opinions and essentially asks this Court to reweigh the conflicting medical opinions which is not this Court's role on review.

In determining Plaintiff's RFC, the ALJ gave "great weight" to the January 2016 opinion of Dr. McKinsey, an examining psychologist, and "significant weight" to the opinions of Drs. Kleinman and Killenberg, the consulting psychologists. (Tr. 28-31). The ALJ also afforded "partial weight" to the March 2017 opinion of Ms. Crandall, a treating psychiatric nurse and the September 2015 report of Dr. D'Amico, an evaluating psychologist. (Tr. 29).

Plaintiff has shown no error in the ALJ's evaluation of the opinions of Drs. Kleinman and Killenberg.[1] The ALJ explained his reasons for giving significant weight to their opinions and, since such reasons are supported by the record, the ALJ's evaluation is entitled to deference. Both considered Dr. McKinsey's examination report (Tr. 103, 117) as well as the treatment records from Wilcox Health Center dating back to 2006. (Tr. 104-105, 122). Finally, Dr. Killenberg had the benefit of also considering Dr. D'Amico's September 2015 report and testing. (Tr. 116, 122).

Based on their review, Dr. Kleinman and Dr. Killenberg opined that Plaintiff could carry out only simple tasks and would be restricted to limited public contact. (Tr. 109, 125).

---

[1] Plaintiff also argues that the opinions of Dr. Kleinman and Dr. Killenberg were "obviously stale (i.e., 10 months old, and not based on the record as a whole." (ECF Doc. No. 14 at p. 9). Plaintiff does not, however, specifically identify any material change or subsequent worsening of his condition to render their opinions "stale." (Tr. 31).

Dr. Killenberg observed that, while Plaintiff reports he is "ok" interacting with authority and able to perform public tasks, she found that his history of depression and anxiety made him "poorly suited to work that requires sustained public interaction, or intensive group work with co-workers." (Tr. 125). She also found him "able to sustain adequate interactions in a work setting with minimal interpersonal demands." Id. These conclusions are consistent with Dr. McKinsey's findings and directly supportive of the ALJ's RFC assessment.

Plaintiff has also shown no error in the ALJ's decision to give only "partial weight" to the opinions of Ms. Crandall. While it is undisputed that Ms. Crandall does not qualify as an "acceptable" medical source, the ALJ thoroughly evaluated her opinions in a manner consistent with SSR 06-3p. (Tr. 29). The ALJ ultimately assigned "partial weight" to Ms. Crandall's statements in light of the factors set forth in 20 C.F.R. § 416.927. The ALJ accurately observed that Ms. Crandall failed to support her opinions with any explanation or any objective medical evidence or findings. Id. Finally, the ALJ accurately noted the lack of any specific support for Ms. Crandall's opinions as to Plaintiff's likely attendance issues. (Tr. 29, 790). In the end, the ALJ evaluated Ms. Crandall's opinions in the context of the record as a whole and found that it did not support the level of limitation opined.

### C. Plaintiff Has Shown No Error in the ALJ's Credibility Determination

Plaintiff argues that the ALJ's determinations as to his and his mother's credibility are not supported by substantial evidence "because they fail to identify any evidence[2] that actually

---

[2] While the ALJ's credibility finding refers generally to "reasons explained in [his] decision," the decision elsewhere contains numerous references to treatment-record entries and Plaintiff's self-reported activities which are supportive of the ALJ's findings. For instance, the ALJ identifies numerous inconsistencies between Plaintiff's reported activities and claimed symptoms such as preparing meals, shopping independently, driving and the recent ability to work "at times." (Tr. 24-25, 28). Thus, the ALJ did not fail to identify "any" contradictory evidence as argued by Plaintiff.

contradicts [Plaintiff's] description of the limitations that arise out of his well-documented mental and physical impairments." (ECF Doc. No. 10-1 at p. 28). The ALJ thoroughly discusses Plaintiff's reported symptoms and concludes that they are not entirely consistent with the medical and other evidence of record. (Tr. 26-27). The ALJ also specifically addresses a letter he received from Plaintiff's mother (Exh. B16E) and explains why he gave her opinions "little weight." (Tr. 30).[3] The ALJ found that, although the mother's observations provided insight, she is not a medical provider, and her opinions regarding Plaintiff's limitations are not supported by the objective medical evidence. Id. The ALJ also found an inconsistency between Plaintiff's documented activities of daily living and the degree of limitation endorsed by Plaintiff and his mother. (Tr. 27-28, 30).

The ALJ made reasonable credibility determinations in the context of the record as a whole. Plaintiff has not shown that the ALJ committed any error, and, again, essentially asks this Court to reweigh the evidence and reach an alternate finding. While reasonable minds may disagree as to how to interpret the varied and competing pieces of evidence presented in this case, the ALJ's conclusion is reasonably supported by the record as a whole and thus is entitled to deference. See Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987) (court should not disturb a clearly-articulated credibility finding with substantial supporting evidence).

### D. Plaintiff Has Shown No Step 3 Error

Plaintiff argues that the ALJ made an "impermissible medical judgment" at Step 3 that he did not meet any of the Listings and should have obtained medical expert testimony to assist

---

[3] Plaintiff claims that the ALJ "barely" mentioned his mother's letter in his decision and improperly dismissed it as not coming from a "disinterested/impartial source of information." (ECF Doc. No. 10-1 at p. 31). Neither is true. The ALJ discusses the letter in some detail and did not expressly or impliedly articulate partiality as a reason for giving it little weight.

in that finding. Here, neither Dr. Kleinman nor Dr. Killenberg opined that Plaintiff met any of the potentially applicable mental health Listings. (Tr. 106-107, 121). However, as explained by the ALJ in his decision, the applicable Listings were amended after their review. The ALJ applied the revised "Part B" and "Part C" criteria and found at Step 3 that they were not satisfied by Plaintiff. (Tr. 23-25). The ALJ found no basis to undertake a "readjudication of the initial or reconsideration determinations" and reasonably concluded that a Step 3 determination could be "reliably made on the basis of the current record." (Tr. 23).

In applying the "Part B" criteria, the ALJ reasonably concluded that Plaintiff had only mild or moderate limitations and Plaintiff does not identify any specific error in this regard. Rather, Plaintiff focuses on the "Part C" criteria requiring a showing that he has "achieved only marginal adjustment." See Listing 12.00G(2)(c). Marginal Adjustment means that one's adaption to the requirements of daily life is fragile, i.e., you have only minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. Id.

The ALJ found that the evidence failed to satisfy the "Part C" criteria. He noted that the record showed that Plaintiff "moved from one home to another during the relevant period, which strongly suggests that he has retained significant ability to adapt to changes in his environment." (Tr. 25). Plaintiff disputes this finding and argues that the evidence cited by the ALJ "actually showed just the opposite." (ECF Doc. No. 10-1 at pp. 33-34). The Commissioner counters that the record actually reflects that Plaintiff "adjusted to a difficult move and did not experience the necessary deterioration in functioning to satisfy the C criteria." (ECF Doc. No. 13-1 at p. 30).

The move took place in late 2016 due to a foreclosure, and the record reflects it was stressful. However, there is sufficient support in the record for the ALJ's finding that Plaintiff was able to adjust and adapt to the changes. Thus, the ALJ's Step 3 finding that Plaintiff failed to satisfy the "Part C" criteria is supported by substantial evidence and must be affirmed. For instance, a treatment note from January 9, 2017 reported a "difficult adjustment after the move" but noted that Plaintiff was "calmer today," "doing better with celexa," "thoughts are more organized, less racing," "mildly" anxious and depressed, sleeping well and a normal appetite. (Tr. 783). A January 10, 2017 treatment note also reflected a relatively positive adjustment to the move. (Tr. 750). He indicated that the move was to a quiet neighborhood away from triggers and "shady characters" he used to run into. Id. He reported being "relatively happy there" and "adjusting to the quiet," and a "bit lonely but overall pretty happy." Id.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 10) be DENIED and that the Commissioner's Motion to Affirm (ECF Doc. No. 13) be GRANTED. I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, In. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 8, 2019